IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 32112-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JOHN T. HAMRE, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — A jury found John Hamre guilty of attempting to elude a police vehicle. On appeal, he raises an issue he did not preserve below. He argues that the trial court improperly imposed legal financial obligations (LFOs) on him without first inquiring into his ability to pay. *State v. Blazina*, __ Wn.2d __, 344 P.3d 680 (2015) confirms an appellate court's discretion on whether to allow the argument to be raised for the first time on review. Because the discretionary LFOs here are less than $750, we exercise our discretion against reviewing the waived error.

## FACTS

Mr. Hamre was charged and convicted by a jury of attempting to elude a police vehicle. The sentencing court imposed discretionary costs of $198 and mandatory costs of $700, for a total LFO of $898. The court ordered Mr. Hamre to pay $25 per month commencing September 15, 2014. The judgment and sentence contained the following boilerplate language:

> 2.5 Legal Financial Obligations/Restitution [RCW 9.94A.760]. The court has considered the total amount owing, the defendant's present and future ability to pay legal financial obligations, including the defendant's financial resources and the likelihood that the defendant's status will change.

Clerk's Papers (CP) at 25. However, the record reveals no actual inquiry by the sentencing court concerning Mr. Hamre's present or future ability to pay the LFOs. Nor does the record reveal any objection by Mr. Hamre concerning imposition of the LFOs. Mr. Hamre nevertheless appeals.

## ANALYSIS

Mr. Hamre challenges the trial court's imposition of LFOs and scheduled payment. He contends that the trial court failed to take into account his present or future ability to pay, as required by RCW 10.01.160.

2

In *State v. Duncan*, 180 Wn. App. 245, 253, 327 P.3d 699 (2014), *petition for review filed*, No. 90188-1 (Wash. Apr. 30, 2014), we observed that whether a defendant will be unable to pay LFOs imposed at sentencing is not an issue that defendants overlook, it is one they reasonably waive. Further, we concluded that henceforth we would decline to address a challenge to consider that issue if raised for the first time on appeal. *Id.* (citing RAP 2.5(a)). Our position was consistent with that of the other divisions of our court. *See State v. Blazina*, 174 Wn. App. 906, 911, 301 P.3d 492 (2013), *remanded*, 344 P.3d 680 (2015); *State v. Calvin*, 316 P.3d 496, 507, *petition for review filed*, No. 89518-0 (Wash. Nov. 12, 2013). We consistently held, until our Supreme Court decided otherwise, that this was the rule we would follow.

In *Blazina*, the Supreme Court held that RAP 2.5(a) provides appellate courts with discretion whether to review a defendant's LFO challenge raised for the first time on appeal. *Blazina*, 344 P.3d at 683. There, the *Blazina* court exercised its discretion in favor of allowing the LFO challenge. *Id.* In doing so, the *Blazina* court chronicled the myriad of problems associated with LFOs imposed against indigent defendants. *Id.* at 683-85

Here, Mr. Hamre failed to object to the trial court's imposition of LFOs. We, therefore, have discretion to rely on our analysis in *Duncan* and not review the claimed

3

error. In determining whether to review the newly raised error, we weigh the administrative burden and expense of bringing Mr. Hamre to a new sentencing hearing against the likelihood that the LFO result would change. An important variable in this analysis is the dollar amount of discretionary LFOs imposed by the sentencing court.

It is important to agree on a uniform standard to assist appellate counsel in advising their clients whether to raise the LFO issue for the first time on appeal. We note that if we declare that the issue was waived below, the defendant will be burdened with extra costs as the nonprevailing party. Toward announcing a uniform standard, we suggest that when discretionary LFOs are less than $750, we should be reluctant to decide the newly raised issue.

Here, Mr. Hamre's discretionary LFOs are only $198. We, therefore, exercise our discretion and decide not to review this waived issue for the first time on appeal. In so holding, we do not countenance a sentencing court's failure to make the inquiry on the record necessitated by RCW 10.01.160. Rather, we reason that the administrative burden and expense of bringing Mr. Hamre back to court for a new hearing outweighs the likelihood that the relatively small discretionary costs imposed will be reduced.

4

No. 32112-6-III
*State v. Hamre*

Affirm.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Lawrence-Berrey, J.

WE CONCUR:

Brown, A.C.J.

Fearing, J.

5